## THE UNITED STATES, *Respondents, v.* JAMES F. WOODMAN, *et al., Appellants.*

ACTION ON DISTILLERS BOND.—It is no defence in an action against the sureties on a distillers bond, that they had no notice of the increased producing capacity of the distillery; notice to the principal is sufficient.

CONTRACT VOID.—Where the producing capacity of a distillery is 266 gallons per day, the assessor cannot agree with the principal to return taxes for only 80 gallons per day. Such contract allows parties to violate the plain provisions of the Revenue law.

APPEAL from the Third District Court.

The facts appear in the Opinion.

*Bennett & Whitney,* for Appellants.

*Wm. Carey,* for Respondents.

EMERSON, J., delivered the opinion of the Court.

This is an action upon a distillers bond. The first two named Defendants were principals, the others, sureties upon the bond.

The complaint sets out the bond in *haec verba.* It is conditional among other things as follows: "And shall in all other respects truly and faithfully conform to all the provisions of the Act entitled 'An Act to provide Internal Revenue to support the Government to pay interest on the public debt, and for other purposes,' approved June 30th, 1864, and of such other acts as are now or may hereafter be in this behalf enacted." The breech assigned is of this condition. It appears that upon the survey of the premises, when the license was taken out and a bond given, the capacity of the distillery

34

was estimated at 70 gallons per day, and afterwards as the complaint states, "The Commissioner of Internal Revenue being of the opinion that said distillery was not and had not been surveyed and assessed at its true producing capacity, a new survey was accordingly made," and upon that survey its producing capacity was increased to 266 gallons per day. It is upon the failure of the principals to pay the increased revenue, based upon this last survey and estimate that this suit is brought upon the bond.

The Defendants answered. A demurrer, that it did not state facts sufficient to constitute a defense to the action was interposed to the answer. The demurrer was sustained and judgment given for the plaintiff.

We think the action of the Court below correct. There is nothing in the claim attempted to be set up in the answer that the bond was an involuntary one. It was the duty of the Assessor to demand it, or at least to insist upon its being given before allowing the parties to carry on their business. It was left entirely with them whether they would carry on the business or not, but if they choose to carry on the business it was the duty of the Assessor to see that the bond was given.

The answer sets up by way of defense the want of notice to the surities of the increased producing capacity of the distillery. This would constitute no defence. Notice was given to the principals. This is all the notice that the law contemplates or provides for. Upon the part of the sureties the condition of the bond is that the principals shall conform to all the provisions of the law relative to carrying on the business of distilling; and the Act under which the bond was given contemplates and provides for just such action on the part of the authorities as was taken in this case.

The allegation in the answer of an agreement with the Assessor that they might run their distillery after the last survey, increasing the capacity to 266 gallons per day, and pay taxes on 80 gallons per day, if true, would constitute no defense to this action.

The Assessor had no power or authority to make such a contract, and he cannot bind the Government by a contract allowing parties to violate a plain provision of the law. If the parties did not wish to run their distillery to its full capacity the law points out a plain and specific mode for them to adopt to relieve themselves from the duties imposed by the Act. This they did not choose to adopt, and they must suffer the consequences.

On the appeal, objections were urged against the complaint itself. The objections are not well taken. The bond set out in the complaint is a good statutory bond, being drawn in substantial compliance with the Act of Congress requiring the giving of such bonds. The facts from which the liability of the Defendants arises are clearly and sufficiently set out in the complaint. The judgment is affirmed.

LOWE, C. J., and BOREMAN, J., concurring.